UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLIE JO NIETO,

  Plaintiff,

v.              Case No:  2:12-cv-578-Ftm-99DNF

GOLDEN HORSESHOE INTERNET
CAFE, INC., JOHN A. SAFFER and
CARLA G. SAFFER,

  Defendants.

_____

## REPORT AND RECOMMENDATION

### TO THE UNITED STATES DISTRICT COURT

  This cause came on for consideration on the parties' Joint Motion for Approval of

Settlement Agreement and for Dismissal With Prejudice (Doc. 18) filed on February 26, 2013;

Joint Supplement to Joint Motion for Approval of Settlement Agreement and for Dismissal With

Prejudice (Doc. 20) filed on March 5, 2013; Memorandum Re Enforceability of Settlement

Agreement (Doc. 22) filed on March 13, 2013; and Notice of Joining Defendant's Memorandum

(D.E. 22) filed on March 21, 2013.  The Plaintiff, Billie Jo Nieto and the Defendants, Golden

Horseshoe Internet Café, Inc., John A. Saffer[1], and Carla G. Saffer are requesting that the Court

approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.  In the Joint

Supplement (Doc. 20), the parties withdrew their request for the Court to retain jurisdiction in

---

[1] The Settlement Agreement (Doc. 18-1) submitted with the Joint Motion for Approval of Settlement Agreement and for Dismissal With Prejudice (Doc. 18) was not signed by John A. Saffer, but by "Paul B. Seusy (with permission)."  The Defendants filed their Memorandum Re Enforceability of Settlement Agreement (Doc. 22) and attached an executed agreement by John A. Saffer, individually and for Golden Horseshoe Internet Café, Inc. The Defendants assert that the Settlement Agreement is enforceable against John A. Saffer, individually and against Golden Horseshoe Internet Café.  In the Notice of Joint Defendant's Memorandum (D.E. 22), the Plaintiff joins in the Memorandum filed by the Defendants that the Settlement Agreement is enforceable against John A. Saffer in both capacities.  The Court determines that the Settlement Agreement is enforceable as to all Defendants.

this case.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), and 29 U.S.C. §216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Id*. at 1352-3.  The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.  *Id*. at 1353.  The second is under 29 U.S.C. §216(b) when an action is brought by employees against their employer to recover back wages. *Id*.  When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable.  *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

The Plaintiff was employed by Defendants from approximately March 2012 through August 2012.  (See, Doc. 16).  The Plaintiff was the manager and  had many job duties including overseeing the payroll, cash, inventory of food and soda, and fixed things. (Doc. 16).  The

Plaintiffs were represented by counsel throughout this litigation, and there are disputed issues. The parties agreed to settle this case to minimize the risks of further litigation, and to prevent unnecessary litigation costs.   The following are the terms of the settlement:  the Plaintiff is to receive $2,500.00 for damages including any liquidated damages.

The parties agreed to pay the Plaintiffs' counsel $3,500.00 in attorney's fees and  costs. The parties negotiated the amount of attorney's fees and costs separately, and without regard to the amount paid to the Plaintiff.  (Doc.  18, p. 2-3). Pursuant to *Bonetti v. Embarq Management Company*, 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client]  has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.  If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement."  Judge Presnell concluded that

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*.   In the instant case, the settlement was reached, and the attorney's fees were agreed upon separately and without regard to the amount paid to the Plaintiffs.  The Settlement Agreement (Doc. 18-1, 22-1) appears reasonable on its face.  Therefore, the Court finds this settlement to be fair and reasonable.

**IT IS RESPECTFULLY RECOMMENDED:**

That the Joint Motion for Approval of Settlement Agreement and for Dismissal With Prejudice (Doc. 18) be **GRANTED** and the Settlement Agreement (Doc. 18-1 and 22-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. The Court further recommends that if the District Court adopts this Report and Recommendation, and the Clerk be directed to dismiss this action with prejudice and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida on March 27, 2013 .

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties